IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES T. MASON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.  3:14-CV-2368-N (BH) |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this social security case has been automatically referred for determination of non-dispositive motions and issuance of findings, conclusions and recommendation.  Before the Court is the plaintiff's *Amended Application to Proceed In District Court Without Prepaying Fees or Costs (Long Form)*, filed July 15, 2014 (doc. 7).  Based on the relevant filings and applicable law, the motion should be **DENIED**.

**I.  BACKGROUND**

James T. Mason (Plaintiff) filed this case and moved to proceed *in forma pauperis* on July 1, 2014.  (doc. 3.)  He filed an amended motion on July 15, 2014.  (doc. 7.)  Based on the information in his motion, the Court found that Plaintiff had enough assets to pay the filing fee. (*See* doc. 8.)  He was given fourteen days from July 16, 2014, to pay the full filing fee of $400.00.  *Id.* The order specifically warned that failure to timely pay the filing fee would result in a recommendation that leave to proceed *in forma pauperis* be denied.  *Id.*  More than fourteen days from the date of the order have passed, but Plaintiff has not paid the filing fee.  Nor has he filed anything else in the case.

## II. IN FORMA PAUPERIS

Whether to permit or deny an applicant's request to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); *see also* 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the applicant "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Here, Plaintiff's amended application reflects that his monthly income is $1069, and his sole monthly expense is $400 for rent. Based on his available financial resources after deducting his one monthly expense, Plaintiff has not shown that he will suffer undue financial hardship after payment of the $400.00 filing fee.

## III. RECOMMENDATION

Plaintiff's amended motion to proceed *in forma pauperis* should be denied. He should be given fourteen days to pay the filing fee, and if he fails to do so, this action should be dismissed.

**SO ORDERED on this 18th day of August, 2014.**

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　IRMA CARRILLO RAMIREZ
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

  A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE